UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2003 MAR -7 P 2: 19

BY DEPUTY CLERK

| | |
|---|---|
| ACCOUNTING OUTSOURCING, L.L.C. INDIVIDUALLY, and as representative of the CLASS | CIVIL ACTION: 03-161-D-M3 |
| v. | JUDGE: BRADY |
| VERIZON WIRELESS PERSONAL COMMUNICATIONS, L.P. D/B/A VERIZON WIRELESS D/B/A VERIZON WIRELESS BUSINESS SOLUTIONS CENTER | MAGISTRATE: DALBY |

## ANSWER

Defendant Verizon Wireless Personal Communications, L.P. d/b/a Verizon Wireless d/b/a Verizon Wireless Business Solutions Center ("Verizon Wireless") answers Plaintiff's Class Action Petition for Damages, Statutory Penalties, and Injunctive Relief ("Petition") as follows:

1. Verizon Wireless neither admits nor denies the allegations set forth in Paragraph 1 of the Petition, which are legal conclusions regarding jurisdiction.

2. Verizon Wireless neither admits nor denies the allegations set forth in Paragraph 2 of the Petition, which are legal conclusions regarding jurisdiction.

3. Verizon Wireless neither admits nor denies the allegations set forth in Paragraph 3 of the Petition, which are legal conclusions. Verizon Wireless affirmatively alleges that the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., speaks for itself and is the best evidence of the specific provisions of 47 U.S.C. § 227(b)(3).



Houston\169037.2

4. Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Petition, and therefore denies them.

5. Verizon Wireless admits the allegations that (1) it is a foreign limited partnership, which can be served through its agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and (2) that it can be served in Louisiana through its agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802, as set forth in Paragraph 5 of the Petition. Verizon Wireless denies the allegation that it is a Louisiana limited partnership as set forth in Paragraph 5 of the Petition.

6. Verizon Wireless admits that Plaintiff seeks to represent a class consisting of those individuals identified in Paragraph 6 of the Petition. Verizon Wireless denies the remaining allegations set forth in Paragraph 6 of the Petition.

7. Verizon Wireless denies the allegations set forth in Paragraph 7 of the Petition.

8. Verizon Wireless denies the allegations set forth in Paragraph 8 of the Petition.

9. Verizon Wireless denies the allegations set forth in Paragraph 9 of the Petition.

10. Verizon Wireless denies the allegations set forth in Paragraph 10 of the Petition.

11. Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Petition, and therefore denies them.

12. Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Petition, and therefore denies them.

13. Verizon Wireless denies the allegations set forth in Paragraph 13 of the Petition.

14. Verizon Wireless denies the allegations set forth in Paragraph 14 of the Petition.

15. Verizon Wireless denies the allegations set forth in Paragraph 15 of the Petition.

16. Verizon Wireless denies the allegations set forth in Paragraph 16 of the Petition.

17. Verizon Wireless denies the allegations set forth in Paragraph 17 of the Petition.

18. Verizon Wireless denies the allegations set forth in Paragraph 18 of the Petition.

19. Verizon Wireless denies the allegations set forth in Paragraph 19 of the Petition.

20. Verizon Wireless neither admits nor denies the allegations set forth in Paragraph 20 of the Petition, which are legal conclusions.

21. Verizon Wireless denies the allegations set forth in Paragraph 21 of the Petition.

22. Verizon Wireless denies the allegations set forth in Paragraph 22 of the Petition.

23. Verizon Wireless admits that 47 U.S.C. § 227(a)(4) defines "unsolicited advertisement" as alleged in Paragraph 23 of the Petition.

24. Verizon Wireless neither admits nor denies the allegations set forth in Paragraph 24 of the Petition, which are legal conclusions.

25. Verizon Wireless neither admits nor denies the allegations set forth in Paragraph 25 of the Petition, which are legal conclusions.

26. Verizon Wireless neither admits nor denies the allegations set forth in Paragraph 26 of the Petition, which are legal conclusions.

27. Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Petition, and therefore denies them.

28. Verizon Wireless denies the allegations set forth in Paragraph 28 of the Petition.

29. Verizon Wireless neither admits nor denies the allegations set forth in Paragraph 29 of the Petition, which are legal conclusions.

30. Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Petition, and therefore denies them.

31. Verizon Wireless neither admits nor denies the allegations set forth in Paragraph 31 of the Petition, which are legal conclusions.

## PRAYER FOR RELIEF

Verizon Wireless denies that Plaintiff is entitled to any of the relief set out in its "Prayer for Relief." Verizon Wireless denies each and every allegation set forth in the Petition not specifically admitted, denied or otherwise qualified by this Answer.

## FIRST AFFIRMATIVE DEFENSE

Louisiana Revised Statute 51:1745 *et. seq.* violates the due process clause, Art. I, Sec. 2, and/or the freedom of expression clause, Art. I, Sec. 7, of the Constitution of the State of Louisiana.

## SECOND AFFIRMATIVE DEFENSE

Louisiana Revised Statute 51:1745 *et seq.* violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States of America.

## THIRD AFFIRMATIVE DEFENSE

Louisiana Revised Statute 51:1745 *et seq.* preempts Plaintiff's claims under the TCPA.

## FOURTH AFFIRMATIVE DEFENSE

The TCPA violates the First Amendment, Fifth Amendment and/or Eighth Amendment of the Constitution of the United States of America.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's TCPA claims are barred because they are not "permitted by the laws or rules of court" of the State of Louisiana.

## SIXTH AFFIRMATIVE DEFENSE

Verizon Wireless reserves the right to amend its Answer and to raise any additional affirmative defenses, defenses or claims that may appear at any time.

WHEREFORE, Verizon Wireless respectfully requests that this Court enter judgment that Plaintiff take nothing and that Verizon Wireless be awarded such relief, including costs, expenses, and attorneys' fees, as appropriate.

Respectfully submitted,

_____
Michael W. McKay, (#9632), T, A.
Michael D. Lutgring (#24531)
McKAY WILLIAMSON LUTGRING &
COCHRAN, L.L.C.
732 North Boulevard
Baton Rouge, Louisiana 70802
Tele: 225-389-1060
Fax: 225-214-1771

Counsel for VERIZON WIRELESS
PERSONAL COMMUNICATIONS LP D/B/A
VERIZON WIRELESS D/B/A VERIZON
WIRELESS BUSINESS SOLUTIONS
CENTER

OF COUNSEL:

Dean D. Hunt
Bracewell & Patterson, L.L.P.
711 Louisiana Street, Suite 2900
Houston, TX 77002-2781
Tele.: 713.223.2900
Fax: 713.221.1221

## CERTIFICATE

I hereby certify that on this 7TH day of March, 2003, a copy of the foregoing Answer was sent first-class mail, postage prepaid, to:

>Keith D. Jones
>Jones, Aaron & Smith, L.L.P.
>8480 Bluebonnet Boulevard, Suite F
>Baton Rouge, LA 70810
>
>Phillip Bohrer
>Bohrer Law Firm, L.L.C.
>8712 Jefferson Highway, Suite B
>Baton Rouge, LA 70809

_____
Michael D. Lutgring